## In re GIBBONS et al.
### Patent Appeal No. 3263.

Court of Customs and Patent Appeals.
April 2, 1934.

Walter L. Pipes, of New York City (George F. Gourley, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of patentability over the prior art, claims 10, 11, 14, and 15 of appellants' application. Claims 4, 5, 7, 12, and 13 were allowed. Of the claims on appeal, claim 10 is illustrative and reads as follows: "10. Method of producing styrol which comprises heating alkyl benzol at below 720°C. to thereby split it into a styrol and hydrogen, continuously reacting upon the hydrogen with material capable of forming a stable compound therewith under reaction conditions, and separating said styrol from the products."

The references relied upon are: Kayser, 1,134,746, April 6, 1915; Ostromislensky et al., 1,541,175, June 9, 1925; Perkin (Br.), 15,049, of 1913.

The claimed invention is described in the brief of appellants as follows: "The invention consists in an improvement in a known process for making styrol, in which an alkyl benzol (ethyl benzol) is passed through a heated cracking tube, as a result of which hydrogen is given off from the ethyl benzol and styrol is formed, along with a certain amount of by-products other than hydrogen.. By the improvement, material is added to the ethyl benzol which is capable of *chemically combining* with the hydrogen set free to form a compound which is *stable under the reaction conditions,* so that the hydrogen is prevented from combining with the styrol to regenerate ethyl benzol." (Italics quoted.)

In discussing the claimed invention, in the brief of the Solicitor for the Patent Office it is stated as follows: " * * * The added material is not specifically named in the appealed claims but is described merely by its function in the process as above stated. The allowed claims specifically name some materials which will function as claimed and the specification describes others. The styrol is separated from the reaction products."

The Examiner rejected the claims on the reference Ostromislensky et al., which shows a process for producing styrol by passing ethyl benzol vapor, mixed with carbon dioxide, through a tube heated to a temperature between 450° and 700°C. The Examiner's theory was that the appealed claims include carbon dioxide within the term "material capable of forming a stable compound [with hydrogen]," as stated in claim 10 for example, and that therefore they read directly upon said reference. As to the use of other materials, he held that substituting in such a process a material which combines with hydrogen would not in itself be inventive, since, as the Examiner held, it is old, as shown in the references Perkin and Kayser, to use such a material in a reaction where hydrogen is liberated in order to accelerate the reaction. Finally he held that the appealed claims cover the broad idea of removing hydrogen in an old manner, applied to a particular but well-known reaction, and that appellants had not made the broad discovery claimed, but that their invention resides in the use of certain specific materials capable of fixing hydrogen and incapable of reacting with the styrol or ethyl benzol; therefore, the claims

on appeal not naming any specific materials, they were rejected by him.

The decision of the Board of Appeals affirmed the holding of the Examiner, as above outlined.

In dealing with the Examiner's citation of the reference Ostromislensky to the application, appellants in their brief stated as follows:

"The Primary Examiner, in his rejection and statement on appeal, *without support of any kind for his opinion,* ascribed to the process of the Ostromislensky et al. patent No. 1,541,175 a mode of operation directly contrary to the sworn statements of the patentees and directly contrary to the sworn statements of the applicants in their original specification, and refused to cite authority for his opinion when requested, as required by Rule 66 of the Patent Office rules.

"The point of disagreement is whether or not carbon dioxide acts as an *inert* gas *under the reaction conditions* of applicants' process. If it acts as an *inert* gas, as described by both patentees and applicants, the rejected claims 10, 11, 14 and 15 clearly are not met. If it *reacts* under the conditions of the process, as contended by the Primary Examiner *without cited authority,* then claims 10, 11 and 14 are anticipated. Claim 15 is not met by the patent under any conditions." (Italics quoted.)

Commenting on this phase of the proceedings, the Board said: " * * * This controversy between the applicants and the examiner as to the action of carbon dioxide when used with the ethyl benzol presents a question which is very troublesome for us to determine from the record, and in absence of any evidence other than the statements of the applicants appearing in this specification and the statements in the patent of Ostromislensky et al. we do not feel warranted in reversing the examiner and holding that the carbon dioxide used in the Ostromislensky et al. process could not combine with the hydrogen to form a compound."

The decision of the Examiner is clearly expressed and the grounds of his rejection of the claims are clearly stated. The decision of the Board of Appeals, however, carries the impression of doubt and uncertainty upon its part with respect to some of the points discussed by it.

However, we are strongly impressed that appellants have made no showing entitling them to the allowance of the broad claims here involved, and we agree with the Board and the Examiner that the claims here involved, which do not point out the particular material used by appellants, should not be allowed.

Appellants sharply challenge the finding of the Examiner that carbon dioxide chemically reacts with hydrogen under their process conditions, and insist that there is no foundation in the record for such finding. Appellants' counsel, however, states in his brief as follows: "It should be understood that applicants do not contend that carbon dioxide will not react with hydrogen under *any conditions,* such as where carbon dioxide and hydrogen alone are brought together in a closed chamber under suitable heat and pressure conditions, but they do insist that it acts as an inert gas *under their process conditions.*" (Italics quoted.)

Accepting the foregoing as a correct statement, it seems to us that it would not be obvious to the skilled worker in the art involved as to what material should be used to obtain a chemical reaction with hydrogen under the conditions of appellants' process, for the purpose stated by appellants, and therefore they are not entitled to broad claims including all material which will react with hydrogen under the conditions specified, but only to claims specifying materials which appellants have discovered will so react, and which they have disclosed in their application. In re Langmuir, 62 F.(2d) 93, 20 C. C. P. A. 733.

In this view of the case, it is unnecessary to consider the other grounds of rejection of the claims.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.